# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER RON HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV107 |
| | ) | |
| WINSTON-SALEM FEDERAL PROBATION | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Christopher Ron Hill's application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (citations and some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted).

Here, Plaintiff has filed a letter Complaint alleging that he was unlawfully subject to 47 days of Global Positioning System ("GPS") location monitoring and location restrictions by federal probation officers. (*See generally* Complaint, Docket Entry 2.) Specifically, Plaintiff states that on or about December 9, 2021, he was called into the federal probation office in Winston-Salem, North Carolina where Officer Kevin Alligood advised Plaintiff that he was being placed on home confinement for a period of nine months. (*See id.* at 2.)[1] After Plaintiff denied that any order existed mandating home confinement, Officer Alligood threatened to

---

[1] All citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2

arrest Plaintiff. (*Id.*) Thus, in fear of being imprisoned, Plaintiff had the GPS location monitoring device placed on his ankle and subsequently received further instructions from Officer Alligood, including learning of his other supervising officer, Officer Robert Wyrick. (*Id.* at 2-3.)

At some point later, Plaintiff went to the courthouse in Greensboro, North Carolina complaining about the unlawful deprivation of his liberty. (*Id.* at 3.) Then about 47 days later, on January 26, 2022, "an order for home confinement" was issued for Plaintiff by the Court. (*Id.*) Plaintiff has named Officers Alligood, Wyrick and the federal probation office in Winston-Salem as Defendants. (*Id.* at 1.) He states that the actions by Defendants caused him to experience paranoia and his mental health has been affected due to the fear of imprisonment. (*Id.* at 4.)

Plaintiff alleges violations of his constitutional rights under the First, Fifth, and Fourteenth Amendments and brings this action pursuant to 42. U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The undersigned first notes that Plaintiff cannot state a claim for relief under § 1983 as that statute is the vehicle for constitutional violations committed by persons acting under color of state law. *See, e.g., Giancola v. State of W. Va. Dept. Of Public Safety*, 830 F.2d 547, 549-50 (4th Cir. 1987). Here, to the extent Plaintiff's Complaint arises under § 1983, it fails as the federal probation officers' actions were not under color of state law. *See Gant v. U.S. Prob. Off.*, 994 F. Supp. 729, 731 (S.D.W. Va.) (dismissing § 1983 claim against federal officers and noting that *Bivens* instead is "the proper vehicle for redress of alleged constitutional violations committed by federal officers and employees"), *aff'd*, 155 F.3d 558 (4th Cir. 1998).

3

A *Bivens* action, however, is an appropriate manner in which to seek damages against federal officials in their individual capacities for a violation of one's constitutional rights. 403 U.S. 388, 394-97. Even so, dismissal of Plaintiff's Complaint is nevertheless warranted. First, absent a clear waiver of sovereign immunity, a *Bivens* claim cannot be brought against a federal agency or federal officials in their official capacities. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (emphasis omitted) ("[A] Bivens action does not lie against either agencies or officials in their official capacity."), *aff'd*, 540 U.S. 614 (2004); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Thus, any claims against Officers Alligood and Wyrick in their official capacities and the federal probation office located in Winston-Salem should be dismissed. *See Zeeman v. United States Dist. Ct. Dist. of Hawaii Prob. Off.*, No. CV 14-00328 RSWL, 2016 WL 1559565, at *4 (D. Haw. Apr. 18, 2016) (unpublished) (dismissing claim against federal probation office); *Farrow v. Western District of Pa. Parole & Prob.*, No. CIV.A. 08-0263, 2008 WL 597189, at *2 (W.D. Pa. Mar. 4, 2008) (unpublished) (dismissing Plaintiff's *Bivens* claim against federal probation and pretrial services office as frivolous).

Beyond that, the Complaint fails to allege any constitutional violation of Plaintiff's rights against Officers Alligood and Wyrick in their individual capacities. *See Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000) ("A *Bivens* action is . . . designed to vindicate violations

4

of constitutional rights by federal actors."). At the crux of Plaintiff's Complaint is his contention that for 47 days, he was subject to conditions of supervision not imposed by the Court. (*See generally* Compl. at 2-4.) Plaintiff attached a copy of the January 26, 2022 Order which memorialized the September 23, 2021 and December 2, 2021 hearings held regarding Plaintiff's then-alleged violations of his supervised release associated with his criminal proceeding from this district. (*See* Docket Entry 2-1 at 5-7; *see also United States v. Hill*, Case No. 1:10CR81-1-WO-1 (M.D.N.C.).) While Plaintiff complains he was subject to improper conditions, the transcript of his December 2, 2021 hearing in his criminal proceeding reveal that he was ordered to wear a location monitoring device and abide by the terms and conditions of the Location Monitoring Home Detention Program for a period of 275 days. (*See* Case No. 1:10CR81-1, Docket Entry 172 at 10-11.)[2] Thus, Officer Alligood, acting in his official capacity, was enforcing the Order of the Court. As Plaintiff does not otherwise allege facts of any wrongdoing by Officers Alligood and Wyrick in their individual capacities sufficient to adequately state a claim for relief, the Complaint in this action should be dismissed.

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

---

[2] A court may consider matters of public record when assessing the Complaint. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (recognizing that courts "may properly take judicial notice of matters of public record"); *see also Cummings v. Rahmati*, No. 1:17CV196, 2017 WL 1194364, at *2 n.1 (M.D.N.C. Mar. 30, 2017) (unpublished) (considering matters of public record when conducting *in forma pauperis* review).

**IT IS RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

_____
Joe L. Webster
United States Magistrate Judge

April 22, 2022
Durham, North Carolina

6